## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANJAKNIE ROUNDTREE, *et al.*,
     *Plaintiffs*,

    v.                                                        No. 3:21-cv-1199 (JAM)

STATE OF CONNECTICUT *et al.*,
     *Defendants*.

### ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Anjaknie Roundtree has filed *in forma pauperis* a *pro se* civil rights complaint on behalf of herself and others against the State of Connecticut and nine other defendants. But because it appears that the complaint fails to allege facts giving rise to plausible grounds for relief, the Court shall require Roundtree to file an amended complaint or a response by **April 22, 2022**, explaining why the complaint should not be dismissed.

### BACKGROUND

Roundtree complains that the State of Connecticut has subjected her "harassment, false reports, [and] def[a]mation of character."[1] She also complains of an "issue with the United State[s] Postal Service" and "[i]mproper diagnosis and treatment methods from the Children's Medical Center," and she alleges that assets have been stolen from her debit card, although she does not identify who stole the assets.[2]

In addition to the State of Connecticut, United States Postal Service, and Children's Medical Hospital,[3] Roundtree names as defendants: the Manchester Police Department, the Connecticut Department of Children and Families ("DCF"), the Connecticut Housing Court,

---

[1] Doc. #1 at 3.
[2] *Ibid*.
[3] Roundtree refers variously to the "Children's Medical Hospital" and the "Children's Medical Center". *See* Doc. #1 at 1, 3. It may be reasonably inferred from the complaint that both names refer to the same defendant.

Manchester Pediatrics, and the Fairfield Inn and Suites.[4] She claims that all of these named

parties were involved in "one life altering event after the next" that she has experienced since

April 2019, and she alleges that these events may have involved "gender bias, conspiracy,

harassment, embe[z]z[l]ement, falsified reports, def[a]mation, and fraud."[5]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious"

or if it "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B). To be

sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret

it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of

America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive

dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes

v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without

affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant

dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling

is to state the Court's concerns so that Roundtree may promptly respond or file an amended

complaint that addresses these concerns.

The problem with Roundtree's complaint is that it fails to allege a plain and simple

statement of her claims and to include facts that plausibly show that each of the named

defendants should be liable for the wrongs that she alleges. A complaint must include "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). And it must back up the claim with "sufficient factual matter" to make it plausible.

[4] Doc. #1 at 1.
[5] *Id.* at 3.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Roundtree has not done that. All of her allegations are fragmentary with little factual support at all. She claims that she suffered the harassment, defamation, falsification of documents, fraud, gender discrimination, and the theft of funds from her debit account, but she offers almost no supporting details for any of those claims. She provides a brief list of supporting facts—including "Department of Children and Families 4/2019 – Domestic Situation" and "Housing Court 1/2021 Illegal Eviction"[6]—but she does not explain how these facts support her many claims.

An additional problem is that Roundtree's complaint often fails to identify who among the numerous defendants is responsible for a particular allegation, and when it does link an allegation to a defendant, it does not explain how the scattered allegations arise out of a common transaction or occurrence. A complaint may only join multiple defendants to a single action if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[] and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, for example, Roundtree simultaneously alleges that the Children's Medical Center subjected her to improper diagnosis and treatment methods and that the Housing Court illegally evicted her, but she does not explain how these seemingly disparate claims against two separate defendants arise out of a common transaction.

As an additional matter, I note that Roundtree has named two additional plaintiffs—Chloe Palmer and Tykeese Palmer[7]—in this *pro se* action, although she does not explain how either was involved in the subject matter of the complaint. A plaintiff who is not a licensed

---

[6] *Id.* at 5.
[7] *Id.* at 1.

3

attorney may not represent or appear on behalf of another person or entity in federal court proceedings. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Finally, the Court notes that Roundtree has failed to respond to a previous order to show cause why another suit she brought against DCF and other defendants should not be dismissed, resulting in the dismissal of that action.[8] In addition, Roundtree has two other pending cases involving substantially similar claims of harassment and gender bias against DCF, the Rockville Juvenile Court, and other state defendants.[9] A plaintiff "ha[s] no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). If Roundtree fails to identify the distinct factual basis and nature of the relief she seeks in each case against each defendant, the Court may stay or dismiss her duplicative suits. *See Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810, 811 (2d Cir. 2020); *Sentementes v. Lamont*, 2021 WL 1978790 (D. Conn. 2021).

## CONCLUSION

It appears that the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). But if Roundtree has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **April 22, 2022**.

It is so ordered.

Dated at New Haven this 8th day of April 2022.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge

---

[8] *See Roundtree v. Lamont*, 3:21-cv-1163 (JAM), Docs. #8 (order to show cause); #9 (dismissal).
[9] *See Roundtree v. Rockville Juvenile Court et al.*, 3:21-cv-1289 (JAM) (filed September 28, 2021); *Roundtree v. Dep't of Children and Families et al.*, 3:21-cv-1335 (JAM) (filed October 8, 2021).